STATE ex rel. HALLEN v. UTAH STATE BOARD OF EXAMINERS IN OPTOMETRY et al.

No. 2111. Decided April 2, 1910 (108 Pac. 347).

1. PHYSICIANS AND SURGEONS—OPTOMETRY—REGULATION. The Legislature has power to define and regulate the practice of optometry, and to that end to prescribe reasonable qualifications to be possessed by those who desire to engage in the practice, and to provide reasonable means by which such qualifications may be ascertained, in order to authorize those qualified to practice, and to prevent those who are not from doing so. (Page 343.)

2. PHYSICIANS AND SURGEONS—"OPTOMETRY"—CERTIFICATES TO PRACTICE—STATUTES. Comp. Laws 1907, regulating the practice of optometry in section 1686x1, defines optometry as the employment of "subjective and objective" mechanical means to determine the accommodative and refractive conditions of the eye, and in the three preceding sections created a board of examiners, defining to what extent applicants for a license to practice shall be examined before license, with a proviso that every person then engaged in the practice of optometry shall file an affidavit thereof, and satisfactory evidence with said board, who shall, in consideration of three dollars, issue to him a certificate of registration. Section 1686x5 provides that a failure to apply in time for a certificate shall be a waiver of right thereto. The board furnished blanks to be filled in by applicants under the proviso, stating their names, addresses, length of time and where engaged in refracting. *Held*, that where an applicant complied with the terms of the proviso, filled in the blanks correctly, and filed an affidavit under oath, he was entited to a certificate, though he used only the subjective method, since while it was the intention to require all those who had no practice to take an examination as to both methods, one method was sufficient under the proviso, as otherwise section 1686x5 would be inoperative. (Page 344.)

3. PHYSICIANS AND SURGEONS—CERTIFICATE TO PRACTICE—OPTOMETRY
—REVOCATION OF LICENSE. Under such facts the board could not
refuse to give him a certificate because of incompetency, under the
power given to the board to revoke certificates for gross incompe-
tency, since revocation therefor could be had only on charges and
hearing thereon. (Page 344.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Proceedings by the State, on the relation of Percy Hallen, against the Utah State Board of Examiners in Optometry and its members.

Judgment for relator. The board appeals.

AFFIRMED.

*Thurman, Wedgwood & Irvine* for appellant.

*E. A. Walton* for respondent.

FRICK, J.

This proceeding was instituted in the district court of Salt Lake County to compel the Utah State Board of Examiners in Optometry, the appellant in this court, to issue a certificate called a "certificate of registration" to the peti- tioner, who is respondent here, to authorize him to practice optometry, in accordance with the provisions of a certain act passed in 1907 (Laws 1907, p. 87), and which act is now included in the Compiled Laws of 1907, constituting sections 1686x to 1686x12 thereof.

The material parts of the act on which the petition of respondent is based are, in substance, as follows: Section 1686x provides that it shall be unlawful to practice optome- try in the State of Utah without obtaining the certificate provided for in the act. Section 1686x1 defines what shall constitute the practice of optometry in the following lan- guage: "The practice of optometry is the employment of subjective and objective mechanical means to determine the

accommodative and refractive conditions of the eye and the scope of its functions in general and the application and adjustment of lenses for the correction of errors of refraction, the relief of eye strain, and the aid of vision." The three succeeding sections create a board to be known as the Utah Sate Board of Examiners in Optometry, to be appointed by the Governor, and said sections also define the powers and duties of said board, and provide how and to what extent applicants shall be examined before being authorized to practice optometry in this state. There is, however, a proviso to these sections, which, in our judgment, is conrolling in this case, which reads as follows: "Provided further, that every person who shall have been engaged in the practice of optometry in the State of Utah on March 14, 1907, shall file an affidavit in proof thereof and satisfactory evidence with said board, who shall make and keep a record of each person and shall, in consideration of the sum of three dollars, issue to him a certificate of registration." Applicants other than those who apply under the proviso must pay an additional fee of ten dollars. Section 1686x5 in substance provides that any person who shall be entitled to a certificate of registration under said proviso, and who shall fail to apply to the board of examiners for such certificate "by July 15, 1907," shall be deemed to have waived the right to a certificate. The other sections of the act are not material in this proceeding.

Pursuant to the foregoing provisions the board of examiners prepared a form of application in which certain blanks had to be filled by the applicants, who applied for certificates under the proviso referred to. These applicants were required to state their names, addresses, the length of time and where engaged in "refracting." The respondent filled out one of those applications, in which he gave his name, his address, and the time he had been engaged in the practice of "refracting." This time he stated was fourteen years, and the place where he was engaged in practice was Salt Lake City. He made the foregoing statements under oath, filed them with the board of examiners, and paid the fee required by the

proviso aforesaid. The board, after the application had been filed for some time, returned the fee to the applicant, and refused to issue to him a certificate of registration, and thus prevented him from practicing optometry in this state.

Upon the foregoing facts, and upon much other evidence, nearly all of which, in the view we take of the case, is entirely immaterial, the district court issued a writ of mandate, directing the board of examiners to issue and deliver to the respondent a certificate of registration, authorizing him to practice optometry in this state as an applicant under the proviso to which we have referred. The board presents the record to this court for review on appeal.

It is contended that the district court erred in issuing the writ of mandate: (1) Because the respondent on the 14th day of March, 1907, was not engaged in the practice of optometry as defined by the act aforesaid; and (2) because he did not furnish to the board of examiners satisfactory or any evidence that he was so engaged. For these reasons, among others, it is contended that the respondent was and is not entitled to a certificate of registration. It is not claimed that the respondent did not correctly and truly answer all the interrogatories required to be answered by him in the blank application furnished him by the board; but it is contended that, in propounding other questions to the applicant by one or more of the members of the board, it was disclosed that the respondent was not engaged in the practice of optometry as the same is defined in section 1686x1, *supra*, because he used and applied subjective mechanical means only, while said section provides that "the practice of optometry is the employment of subjective and objective mechanical means . . . for the correction of errors of refraction, the relief of eye strain, and the aid of vision." In view of the language just quoted, it is contended that no one who on March 14, 1907, used and applied only one of the mechanical means aforesaid was legally qualified to practice optometry in this state. It is further contended that the statement made by respondent in his affidavit "that, on the 14th day of March, 1907, he was a

practicing optometrist in the State of Utah," by his subsequent admissions, to at least one member of the board, with regard to the mechanical means used and applied by him in the "adjustment of lenses for the correction of errors of refraction," was shown not to be true. That is, that it was made to appear that respondent was not practicing optometry within the purview of the language of the section we have quoted.

No one can doubt the power of the Legislature to define and regulate the practice of optometry, and, to that end, to prescribe reasonable qualifications to be possessed by those who desire to engage in the practice, and to provide reasonable means by which such qualifications may be ascertained, in order to authorize those qualified to practice, and to prevent those who are not from doing so. We are of the opinion that it was the intention of the Legislature to require all those who were not engaged in the practice of optometry in this state on March 14, 1907, to pass an examination and prove their fitness and qualifications to use and apply both subjective and objective mechanical means to aid them in the "correction of errors of refraction, the relief of eye strain, and the aid of vision." The board of examiners were thus by the act authorized to examine applicants, not then engaged in the practice, with respect to their knowledge and proficiency in the application and use of both the means aforesaid, and to withhold a certificate from the applicants if the board was satisfied that the applicants were not so qualified. But we find no warrant in the statute to authorize the board of examiners to examine or pass upon the qualifications of any one who was engaged in the practice of optometry on March 14, 1907, provided such person made application for a certificate of registration "by July 15, 1907," and furnished proof of the fact that he was engaged in the practice of optometry at the time aforesaid. To make such proof is all that the law required of such applicants, and this is all that the board of examiners could require from them. If the Legislature had intended that those who were engaged in the practice of optom-

etry on March 14, 1907, should nevertheless satisfy
the board of examiners that each and every applicant
shall use and apply both subjective and objective mechanical
means for the purposes mentioned in the statute, then the
proviso under which such persons were entitled to certificates
is meaningless, and section 1686x5, which provides that in
case application for a certificate is not made within the time
specified, the right to such a certificate under the proviso
shall be deemed waived, is a useless appendage to the act.
If all applicants, those who were then engaged in as well as
those who desired to enter upon the practice of optometry
thereafter, were to be required to pass an examination and
prove themselves proficient in the use of both the mechanical
means specified in the act, then both the proviso and the
provisions of section 1686x5 are without force or effect,
and the applicants under the proviso had nothing to waive.

Power is also conferred upon the board of examiners to
revoke certificates for certain causes, one of which is gross
incompetency. In order to revoke a certificate upon this
ground, however, there must be a charge filed with the board,
and after due notice to the accused, a hearing must be had,
at which he must be confronted by the witnesses against
him, and be permitted to produce any competent evidence in his favor. What the board in effect sought
to do in this case was to adjudge the applicant incompetent in advance of any charge against him, and without
a hearing, and before complying with the law, which is
based on the presumption that those who were engaged in
practice when the act went into effect were qualified to do
so, and were entitled to certificates which could, however,
be revoked in the manner aforesaid.

It is our duty to give effect to all the provisions of the
act; and, if we do so in this case, it is clear to us that the
Legislature intended that the proof of the fact that an applicant was engaged in the practice of optometry on March
14, 1907, was sufficient evidence of his qualifications to
practice under the act in question, provided the applicant
made his application and proof within the time, and paid

the fee required by the act. In so far as the act applies to those who were then engaged in the practice, we think that all that was required of them was to make proof that they were engaged in the practice of what was then commonly known as constituting the practice of optometry, by the use and application of either one or both of the mechanical means aforesaid; and, when such proof was made, the applicants were entitled to be placed upon the records required to be kept by the board of examiners as licensed practitioners. We are of the opinion that, under the undisputed facts, the respondent furnished the evidence required by the act, and was thus entitled to a certificate from the board of examiners. The district court, therefore, committed no error in granting the writ of mandate.

The judgment is affirmed, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.